# 24-1308

# United States Court of Appeals
# for the Second Circuit

ADAM PLOTCH,

*Plaintiff-Appellant,*

-against-

U.S. BANK NATIONAL ASSOCIATION, as Trustee for
Asset Backed Funding Corporation, Asset Backed Certificates,
Series 2006-HE1,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK

## BRIEF AND SPECIAL APPENDIX FOR
## PLAINTIFF-APPELLANT

ROSENBERG FORTUNA & LAITMAN, LLP
*Attorneys for Plaintiff-Appellant*
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666
anthony@rosenbergfortuna.com

**2520**



# TABLE OF CONTENTS

*Page*

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ...................................2

STATEMENT OF THE CASE.............................................................2

STATEMENT OF FACTS ...............................................................6

    A. Nature of Action ............................................................6

    B. The Parties ................................................................7

    C. The Note and Mortgage ....................................................8

    D. The 2008 Foreclosure Action ...............................................8

    E. The Denial Of US Bank's Motions To Substitute Plotch As A
       Defendant In The 2008 Foreclosure Action ...................................9

    F. The 2018 Foreclosure Action ..............................................10

    G. The Order and Judgment Appealed From ...................................10

    H. US Bank's Recent Commencement of a Reforeclosure Action
       Against Plotch...........................................................11

POINT I

THE INSTANT QUIET TITLE ACTION IS NOT BARRED BY THE
JUDGMENT RENDERED IN THE 2008 FORECLOSURE ACTION,
AS PLOTCH WAS NOT A PARTY TO THE FORECLOSURE
ACTION AND WAS NOT OTHERWISE BOUND THEREBY..........................12

    A. Plotch Was Not a Party to the 2008 Foreclosure Action and Thus
       Is Unaffected by Any Judgment Rendered in that Action............................12

B. The State Court Judgment Does Not Preclude Plotch's Quiet Title Action .................................................................................. 13

C. Plotch Was Not Required to Intervene in the 2008 Foreclosure Action ........................................................................................... 14

D. Since the State Court Denied US Bank's Attempts to Make Plotch a Party to the 2008 Foreclosure Action, the District Court's Holding that the Judgment Binds Plotch Violates the *Rooker-Feldman* Doctrine ........................................................... 18

E. The District Court's Authorities Are Distinguishable ................... 20

F. US Bank's Commencement of the 2024 Reforeclosure Action After the District Court's Order is a Tacit Admission that the 2008 Foreclosure Action Judgment Did Not Affect Plotch .......... 22

POINT II

THE ABSENCE OF A VALID NOTICE OF PENDENCY OF THE 2008 FORECLOSURE ACTION WHEN PLOTCH ACQUIRED TITLE RENDERS PLOTCH UNAFFECTED BY THE 2008 FORECLOSURE ACTION .................................................................... 23

A. Plotch Was Not In Privity With Any Party for Purposes of the 2008 Foreclosure Action and In Any Event, Privity is Not a Substitute for Maintaining a Valid Notice of Pendency .............. 27

POINT III

THE "WITH PREJUDICE" DISCONTINUANCE OF THE ONLY (2018) FORECLOSURE ACTION INTERPOSED AGAINST PLOTCH MEANS THAT THE 2008 JUDGMENT CANNOT HAVE ANY PRECLUSIVE EFFECT AGAINST PLOTCH ............................. 31

POINT IV

US BANK'S THEORETICAL CLAIM FOR RE-FORECLOSURE
DOES NOT PRECLUDE AN ACTION TO QUIET TITLE BY
PLOTCH ........................................................................................34

    A. Since No Claim For Re-Foreclosure Was Pending Before The
       District Court, the District Court Rendered An Impermissible
       Advisory Opinion ........................................................................34

    B. Permitting A Theoretical Re-Foreclosure Claim To Preclude An
       Action To Quiet Title Under RPAPL §1501(4) Would Render
       RPAPL §1501(4) Meaningless ..................................................37

POINT V

THE MORTGAGE SHALL BE DISCHARGED UNDER RPAPL
1501(4) SINCE FORECLOSURE OF THE MORTGAGE IS TIME-
BARRED AS AGAINST PLOTCH ......................................................38

CONCLUSION ...............................................................................40

CERTIFICATE OF COMPLIANCE ...................................................41

# TABLE OF AUTHORITIES

*Page(s)*

**Cases:**

*2078 Mgt., LLC v US Bank Tr., N.A.*,
229 AD3d 662 [2d Dept 2024] ...................................................................38

*5303 Realty Corp. v O & Y Equity Corp.*,
64 NY2d 313 [1984] ...................................................................................27

*Amtrust-NP SFR Venture, LLC v Thompson*,
181 AD3d 762 [2d Dept 2020] ...................................................................20

*Bank of NY v Terrapin Indus., LLC*,
189 AD3d 620 [1st Dept 2020] ...................................................................24

*Barson v. Mulligan*,
191 NY 306 [1902] .....................................................................................22

*Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc.*,
38 NY3d 467 [2022] ..............................................................................35, 38

*Bayview Loan Servicing v. White*,
134 AD3d 755 [2d Dept 2015] ...................................................................26

*Beauvoir v Israel*,
794 F3d 244 [2d Cir 2015] .........................................................................11

*Carbone v Deutsche Bank Nat. Tr. Co.*,
145 AD3d 848 [2d Dept 2016] ...................................................................21

*Chase National Bank v. City of Norwalk*,
291 U.S. 431 [1934] ...................................................................................15

*Chem. Bank v Levine*,
91 NY2d 738 [1988] ...................................................................................35

*Clark v Deutsche Bank Natl. Tr. Co.*,
182 AD3d 574 [2d Dept 2020] ...................................................................21

iv

*Coleson v Parker*,
   20-CV-951 [CM], 2020 WL 1140690 [SDNY Mar. 6, 2020] ...............19, 33

*Da Silva v Musso*,
   76 NY2d 436 [1990] ...................................................................................33

*Diaz v Paterson*,
   547 F3d 88 [2d Cir 2008] .........................................................................30

*Everhome Mtge. Co. v. Aber*,
   195 A.D.3d 682 [2d Dept 2021], affd 39 NY3d 949 [2022]..................38, 39

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280 [2005]...................................................................................19

*Gabriel v Prime*,
   30 AD3d 955 [3d Dept 2006] ....................................................................35

*Gilbertson v. Albright*,
   381 F.3d 965 [9th Cir. 2004] ....................................................................15

*Gokhvat Holdings v. US Bank National Association*,
   23-300, 2024 WL 677078 [2d Cir. Feb. 20, 2024].....................................22

*Green v. City of Tucson*,
   255 F.3d 1086 [9th Cir. 2001] ..................................................................15

*Grid Realty Corp. v. Fazzino*,
   42 NY2d 1048 [1977]................................................................................25

*Home Sav. of Am., F.A. v Gkanios*,
   233 AD2d 422 [2d Dept 1996] ..................................................................17

*In re Comcoach Corp.*,
   698 F2d 571 [2d Cir 1983] .......................................................................17

*In re Oakes*,
   248 NY 280 [1928].....................................................................................30

v

*In re Sakow*,
    97 NY2d 436 [2002]..................................................................*Passim*

*Jamison v. Acquai*,
    128 AD3d 775 [2d Dept. 2015]......................................................12

*Martin v. Wilks*,
    490 U.S. 755 [1989]........................................................................16

*McWhite v I & I Realty Group, LLC*,
    210 AD3d 1069 [2d Dept 2022]......................................13, 14, 36

*Mtge. Elec. Registration Sys., Inc. v. Gifford*,
    133 AD3d 429 [1st Dept 2015] .....................................................18

*Natl. Energy Marketers Assn. v New York State Pub. Serv. Commn.*,
    33 NY3d 336 [2019]......................................................................37

*Packer v Rochester and Syracuse R.R. Co.*,
    17 NY 283 [1858]..........................................................................37

*Polish Nat'l. Alliance of Brooklyn, USA v White Eagle Hall Co., Inc.*,
    98 AD3d 400 [2d Dept 1983]...........................................24, 28, 29

*Revelone, Inc. v. Arlind Realty Corp.*,
    274 AD 656 [1st Dept 1949] aff'd no opinion 299 NY 67 [1949]..............25

*Roth v Michelson*,
    55 NY2d 278 [1982].......................................................................30

*Ryan v New York Tel. Co.*,
    62 NY2d 494 [1984].......................................................................28

*Saratoga County Chamber of Commerce, Inc. v Pataki*,
    100 NY2d 801 [2003].....................................................................34

*Schomacker v. Michaels*,
    189 NY 64 [1907]................................................................25-26, 30

*Steel Co. v Citizens for a Better Envt.*,
    523 US 83 [1998].........................................................35

*Targee St. Internal Medicine Group, P.C. v Deutsche Bank Nat. Tr. Co.*,
    92 AD3d 768 [2d Dept 2012] .......................................36

*Taylor v. Sturgell*,
    533 U.S. 880 [2008].....................................................13

*US Bank NA v Bank of Am. NA*,
    916 F3d 143 [2d Cir. 2019] ...........................................1

*Wells Fargo Bank, N.A. v Enbar*,
    173 AD3d 938 [2d Dept 2019] ......................................32

*White Eagle Hall Co. v. Safay*,
    138 AD2d 592 [2d Dept 1988] lv dismissed 72 NY2d 954 [1988] ........28, 29

**Rules, Laws & Statutes:**

28 U.S.C. § 1331 ...........................................................19

28 USC § 1332 ...............................................................1

CPA § 121-a.............................................................24, 25

CPLR § 1001 .........................................................16, 17, 18

CPLR § 1003 ...............................................................16

CPLR § 1012 ...............................................................16

CPLR § 1013 ...........................................................16, 18

CPLR § 213 .................................................................38

CPLR § 3211 ...............................................................17

CPLR § 6501 ...................................................................................23, 27

CPLR § 6513 ............................................................................23, 24, 29

CPLR Art. 65 .................................................................................25, 26

RPAPL § 1311 ....................................................................................17

RPAPL § 1501 ............................................................................. *Passim*

RPAPL § 1503 ....................................................................................34

RPAPL § 1523 ......................................................................................2

RPAPL Article 15 ...............................................................................39

**Other:**

8 Warren's Weed New York Real Property § 89.28 [2021] ...................26

New York Mortgage Foreclosures § 15.02 [2021] ..............................26

New York Mortgage Foreclosures § 15.07 [2021] ..............................25

## JURISDICTIONAL STATEMENT

The United States District Court for the Eastern District of New York had subject matter jurisdiction over this action under 28 USC 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

Plaintiff-Appellant Adam Plotch ("**Plotch**" or "**Appellant**") is an individual and citizen of the State of New York. Defendant-Respondent US Bank National Association, as Trustee for Asset Backed Funding Corporation, Asset Backed Certificates, Series 2006-HE1 ("**US Bank**") is a national association organized under the laws of the United States of America. US Bank's main office is in Cincinnati, Ohio. Case laws confirm that US Bank, NA is a citizen of Ohio for diversity jurisdiction. *See US Bank NA v Bank of Am. NA*, 916 F3d 143, 147 [2d Cir. 2019].

The Clerk's Judgment of the United States District Court for the Eastern District of New York dated April 24, 2024 finally determined this action, as it dismissed the Complaint in its entirety upon the Decision and Order of the United States District Court for the Eastern District of New York (William F. Kuntz, II, United States District Judge) dated April 23, 2024 which granted the Defendant's cross-motion for summary judgment to dismiss the Complaint. Plotch timely filed a Notice of Appeal from the Judgment on May 10, 2024.

1

## STATEMENT OF ISSUES
## PRESENTED FOR REVIEW

1.  Is a property owner who was not made a party to a foreclosure action and who acquired title to the property when no valid notice of pendency of the foreclosure action was of record precluded by the entry of a judgment in the foreclosure action from maintaining an action to discharge the mortgage?

2.  Does a mortgagee's hypothetical claim to reforeclose a mortgage under RPAPL 1523 preclude an owner of the property who was omitted from a foreclosure action from maintaining an action to discharge the mortgage?

## STATEMENT OF THE CASE

In an action to discharge a mortgage upon real property as barred by the statute of limitations under RPAPL §1501(4) and to quiet title under RPAPL §1501(1), Plaintiff-Appellant Adam Plotch appeals from the Clerk's Judgment of the United States District Court for the Eastern District of New York dated April 24, 2024 (the "**Judgment**").  The Judgment was rendered upon the Decision and Order of the United States District Court for the Eastern District of New York (William F. Kuntz, II, District Judge) dated April 23, 2024 which granted the cross-motion of Defendant-Respondent US Bank National Association, as Trustee for Asset Backed Funding Corporation, Asset Backed Certificates, Series 2006-HE1 for summary judgment to dismiss the Complaint and denied Appellant's motion for summary judgment.

2

The Order and Judgment of the District Court should be reversed. Bedrock principles of due process and the New York's foreclosure law each provide that a party is not bound to the outcome of an action to which it has not been made a party by the service of process. More particularly, when a necessary party—such as the owner of the mortgaged property—is omitted from a foreclosure action, the judgment of foreclosure does not affect the omitted party's property interest and any "sale" held pursuant to that judgment does not include the omitted party's property interest. Here, Appellant, the owner of the mortgaged property, was not named as a defendant in the 2008 state court foreclosure action which resulted in the entry of a judgment of foreclosure. Thus, contrary to the District Court's conclusion, the judgment in the 2008 foreclosure action has no preclusive effect on Plotch's right to maintain an action to quiet title to discharge the mortgage.

That the judgment has no preclusive effect upon Plotch is bolstered by the fact that US Bank's belated attempts to "substitute" Plotch into the 2008 Foreclosure Action as a defendant years following Plotch's acquisition of title to the mortgaged property — cynically attempting to bind Plotch to the default of a party (the borrower, Herman Chavez) who did not appear in the 2008 Foreclosure Action and no longer had any interest to defend that action — were rightfully rebuked by the Queens County Supreme Court ("**State Court**") in two final and un-appealed orders. Moreover, the lone foreclosure action that US Bank

3

commenced against Plotch — the 2018 Foreclosure Action — was ordered discontinued "with prejudice" by the State Court in yet another final, un-appealed order. However, in affording preclusive effect against Plotch to the judgment rendered in the 2008 Foreclosure Action, the District Court impermissibly undermined the finality to which these unappealed orders were entitled, and in effect, sat in appellate review of these state court orders in violation of the Rooker-Feldman doctrine. It is irreconcilable for the state court to have denied two separate attempts by US Bank to add Plotch as a party to the 2008 Foreclosure Action and to have ordered the only foreclosure action interposed against him dismissed with prejudice, on the one hand, and for the District Court to hold that Plotch is precluded by a foreclosure judgment from the very same action to which he was not made a party, on the other.

No foreclosure action was brought against Plotch within the six-year limitations period, and US Bank's multitude of efforts to bind Plotch to a series of state court foreclosure actions in the past were all rejected by the state courts. At the time of the proceedings before the District Court, Plotch was not a party to any foreclosure action (and still is not to this day), and the limitations period for foreclosure had expired some *eight years ago*. Plotch's right, therefore, to cancellation and discharge of the mortgage, as against property Plotch is the sole and exclusive owner of, is absolute.

4

The absence of a valid notice pendency of the 2008 Foreclosure Action when Plotch acquired title to the property rendered Plotch's title unaffected by the judgment. Contrary to the District Court's conclusion, whether or not Plotch was in privity with any person made a party to the 2008 Foreclosure Action is irrelevant. "Privity" does not stand as a surrogate for a plaintiff's failure to maintain a valid notice of pendency of a foreclosure action. Rather, in order to bind a non-party to a foreclosure action as if he were a party, the plaintiff must maintain a valid notice of pendency of record when the non-party records its interest to the property. Here, it is undisputed that no notice of pendency of the 2008 Foreclosure Action was of record when Plotch recorded his deed to the property.

The District Court erroneously interpreted Plotch's quiet title action as a collateral attack upon the state court foreclosure judgment. To the contrary, in seeking to quiet title, Plotch merely maintains, consistent with New York law, that *his rights* are left unaffected by the judgment of foreclosure and sale, and the foreclosure may be considered void *as to him,* since Plotch was omitted as a party from the foreclosure action from which the judgment emanated. The judgment stands as an enforceable means of extinguishing *the interests of all parties thereto*. Neither this Court nor the District Court need set aside the state court judgment to accord Plotch the relief he seeks here.

5

Furthermore, the District Court's alternative holding that Plaintiff should be barred from relief now because *in the future,* US Bank *may* be able to assert a claim for reforeclosure, is an impermissible advisory opinion. US Bank conceded that no reforeclosure claim was pending before the District Court (or any other court) when Plotch commenced this quiet title action and that no such reforeclosure action was pending at any time during the proceedings before the District Court. Thus, a *theoretical* possibility of a re-foreclosure claim accruing *in the future* could not defeat Plotch's *present* right to discharge the mortgage. In arguing that the potential for a future cause of action that has not yet accrued precludes Plotch's right to relief to which it is entitled *now,* the District Court created a predicate to RPAPL 1501(4) relief that is not set forth in the statute or in any caselaw.

## STATEMENT OF FACTS

### A.  Nature of Action

Plotch commenced this action on November 15, 2021 pursuant to Article 15 of the Real Property Actions and Proceedings Law of the State of New York ("**RPAPL**") to compel a determination of claims to real property located at 70-85A Park Drive East, Flushing, New York [Block 6548, Lot 1241] and 134 Jewel Avenue, Unit G078, Flushing, New York [Block 6548, Lot 1241] (collectively, the "**Property**") [JA -127-134]. More specifically, Plotch sought cancellation and

6

discharge of a certain mortgage encumbering the Property, pursuant to RPAPL §1501(4) and RPAPL §1501(1), as barred by the statute of limitations. [JA–127-134]. The Complaint herein contains two causes of action: (a) discharge of the Mortgage as barred by the statute of limitations under RPAPL §1501(4); and (b) discharge of the Mortgage and the quieting of title pursuant to RPAPL §1501(1). [JA 127-134].

**B.** **The Parties**

Plotch is the exclusive owner in fee simple of the Property, pursuant to a Referee's Deed dated January 30, 2016 from Martha Taylor, Esq., Referee, as Grantor to me, as Grantee, which Referee's Deed was recorded in the Office of the City Register of the City of New York on March 15, 2016 (the "**Referee's Deed**"). [JA – 59-63 ]. Plotch was the successful bidder at a judicial sale of the Property held pursuant to a judgment of foreclosure and sale entered by the Queens County Supreme Court in a condominium common charge lien foreclosure action. [JA – 59-63]. The Property consists of a condominium unit (the Park Drive East address indicated above) and an appurtenant parking garage space (the Jewel Avenue address indicated above). [JA – 59-63].

US Bank is the current owner of the Note and Mortgage (both as hereinafter defined) which are the subject matter of this action, according to the public land records of the Property. [JA – 270-272]. Neither US Bank nor the

original mortgagee were in possession of the Property when Plotch commenced this action. [JA – 239 at ¶11].

## C.     The Note and Mortgage

According to the land records of the Property, on or about August 25, 2006, non-party Herman Chavez executed a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Accredited Home Lenders Inc. to secure the payment of a note (the "**Note**") in the principal sum of $275,000.00 with interest (the "**Mortgage**"). [JA – 244-269].

The Mortgage was recorded in the Office of the City Register of the City of New York for the County of Queens and was thereafter assigned to US Bank. [JA – 270-272]. Plotch is not a signatory to or guarantor of the Note and Mortgage. [JA – 244-269].  Plotch did not assume the Note and Mortgage when he purchased the Property. [JA - 239 at ¶16].

## D.     The 2008 Foreclosure Action

According to Court records, on or about February 21, 2008, US Bank initiated a foreclosure action with respect to the Mortgage in the Queens County Supreme Court in an action under Index No. 4557/2008 (the "**2008 Foreclosure Action**").  [JA – 25-37].  In the 2008 Foreclosure Action, US Bank alleged to be the then holder and owner of the Note and Mortgage.  [JA – 29 at ¶4]. US Bank was the holder and owner of the Note as of the commencement date of the 2008 Foreclosure

Action. [JA - 29 at ¶4]. In the Complaint in the 2008 Foreclosure Action, US Bank elected to declare the entire principal and interest balance secured by the Mortgage immediately due and payable. [JA - 29 at ¶9]. Plotch was not a party to the 2008 Foreclosure Action. [JA – 240 at ¶21].

US Bank filed a Notice of Pendency on February 21, 2008 (the "**2008 Notice of Pendency**"). [JA – 152-157]. However, no notice of pendency of the 2008 Foreclosure Action was of record when Plotch acquired title pursuant to the Referee's Deed on January 30, 2016. [JA – 240 at ¶23; 158-159].

The 2008 Foreclosure Action was dismissed on August 9, 2017 for US Bank's failure to comply with a conditional order of dismissal dated February 15, 2017 (the "**Dismissal Order**"). [JA - 160].

**E.     The Denial Of US Bank's Motions
To Substitute Plotch As A Defendant
In The 2008 Foreclosure Action**

The 2008 Foreclosure Action was restored by Order dated June 29, 2020 (the "**2020 Order**"). [JA – 111-112].

However, in the June 2020 Order, US Bank's motion to substitute Plotch as a defendant in the 2008 Foreclosure Action in the place of the borrower/former owner of the Property, Herman Chavez, was denied. [JA – 111-112]. No appeal has been taken from the 2020 Order and the time to do so has expired. [JA – 240 at ¶28].

US Bank previously moved in the 2008 Foreclosure Action to substitute Plotch as a defendant therein. That motion was denied by Order dated March 27, 2019 (the "**2019 Order**"). [JA – 165-169]. No appeal was taken from the 2019 Order and the time to do so has expired. [JA - 241 at ¶29].

**F.    The 2018 Foreclosure Action**

US Bank commenced an action against me to foreclose the Mortgage on January 16, 2018 in Queens County Supreme Court under Index No. 700727/2018 (the "**2018 Foreclosure Action**"). [JA – 38-110]. US Bank moved to discontinue the 2018 Foreclosure Action and the 2018 Foreclosure Action was discontinued *with prejudice* by Order dated June 25, 2021 and entered on June 28, 2021 (the "**2021 Order**"). [JA – 171-173]. No appeal has been taken from the 2021 Order and the time to do so has expired. [JA - 241 at ¶32].

**G.    The Order and Judgment Appealed From**

Plotch moved for summary judgment before the District Court and US Bank opposed the motion. By Decision and Order dated April 23, 2024, the District Court denied Plotch's motion, and construing US Bank's opposition as a cross-motion for summary judgment, dismissed the action. [JA – 399-412]. The District Court reasoned that the entry of a judgment of foreclosure and sale in the 2008 Foreclosure Action in May 2023 collaterally estopps Plotch from maintaining an action to quiet title [JA – 405-410], and that, in any event, US Bank's future "right"

10

to maintain an action to reforeclose the mortgage precluded Plotch from maintaining the current action to quiet title. [JA – 410-411]. The District Court entered a judgment on April 24, 2024. [JA -413]. Plotch timely appealed therefrom. [JA - 414].

## H.    US Bank's Recent Commencement of a Reforeclosure Action Against Plotch

On August 23, 2024, US Bank commenced an action for reforeclosure against Plotch in the Supreme Court, Queens County, under Index No. 717546/2024. *See New York State Unified Court System NYSCEF (New York State Courts Electronic Filing), available at* https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=p3Ysf9Ztj3Hh7oO alyJ42g==&display=all&courtType=Queens%20County%20Supreme%20Court&r esultsPageNum=1 (last accessed September 3, 2024).[1]

---

[1] This Court may take judicial notice of the filing of this Summons and Complaint—which was filed long after the proceedings before the District Court concluded—under FRE 203. *See Beauvoir v Israel*, 794 F3d 244, 248 n4 [2d Cir 2015].

# POINT I

**THE INSTANT QUIET TITLE ACTION IS NOT BARRED BY THE JUDGMENT RENDERED IN THE 2008 FORECLOSURE ACTION, AS PLOTCH WAS NOT A PARTY TO THE FORECLOSURE ACTION AND WAS NOT OTHERWISE BOUND THEREBY**

In dismissing the quiet title action, the District Court determined that the action constituted an "impermissible collateral attack" on the judgment rendered in the 2008 Foreclosure Action. Contrary to the District Court's conclusion, since Plotch was not a party to the 2008 Foreclosure Action, and was not otherwise bound thereby, the judgment does not preclude an action to quiet title by Plotch.

### A. Plotch Was Not a Party to the 2008 Foreclosure Action and Thus Is Unaffected by Any Judgment Rendered in that Action

Although US Bank commenced an action to foreclose the Mortgage in 2008, Plotch never was made a party to the 2008 Foreclosure Action. Accordingly, the judgment rendered in that action is void as against Plotch's interest in the Property. "Where a person with an interest in real property is not joined as a party to an action to foreclose a mortgage on that property, *that person's rights are left unaffected by the judgment of foreclosure and sale, and the foreclosure may be considered void as to the omitted person*." *Jamison v. Acquai,* 128 AD3d 775, 776 [2d Dept. 2015] (emphasis added). Indeed, "[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been

12

made a party by service of process." *Taylor v. Sturgell,* 533 U.S. 880, 884 [2008].

**B. The State Court Judgment Does Not Preclude Plotch's Quiet Title Action**

That a judgment of foreclosure and sale does not, under all circumstances, preclude under collateral estoppel or res judicata a separate action to discharge the mortgage as barred by the statute of limitations under RPAPL 1501(4), is amply demonstrated by the Appellate Division's decision in *McWhite v I & I Realty Group, LLC*, 210 AD3d 1069 [2d Dept 2022]. In *McWhite*, the mortgagee (Citimortgage) commenced a foreclosure action against Roache and McWhite. *See id.* at 1070. The foreclosure action was dismissed as against McWhite for the mortgagee's failure to timely move for a default judgment against McWhite. *See id.* Nevertheless, the mortgagee continued to prosecute the foreclosure action against the remaining defendants, and the foreclosure action terminated with the entry of a judgment of foreclosure and sale. *See id.* at 1070. A foreclosure auction sale was held at which a third party (I&I Realty) was the successful bidder. *See id.* at 1070. McWhite then commenced an action to quiet title to discharge the mortgage as time-barred under RPAPL 1501(4) and for a declaration that he owned an unencumbered fee interest in the premises. *See id.* McWhite argued—as Plotch does here—that since the judgment of foreclosure did not extinguish McWhite's interest in the premises (as McWhite was not a party to the foreclosure action), and since the commencement of the foreclosure action triggered the six-year statute of limitations

on an action to foreclose the mortgage, a foreclosure action could not be interposed against McWhite, as more than six years had elapsed since the commencement of the prior foreclosure action. *See id.* at 1071.

The Appellate Division granted summary judgment to McWhite and directed the cancellation of the mortgage as time-barred under RPAPL 1501(4). *See id.* at 1071. The Appellate Division recounted the familiar rules that "[t]he absence of a necessary party in a foreclosure action leaves that party's rights unaffected by the judgment and sale, and the foreclosure sale may be considered void as to the omitted party" and "[a]s a subsequent owner who took title subject to the mortgage, McWhite was a necessary party to the foreclosure action". *Id.* at 1071. Thus, the Appellate Division reasoned—as Plotch does here—"the judgment of foreclosure and sale *was void as to McWhite* and the foreclosure sale did not transfer *her interest* in the premises to I & I." *Id.* at 1074 (emphasis added). Since the commencement of the prior foreclosure action accelerated the debt and triggered the six-year statute of limitations and more than six years had elapsed since that date, the Appellate Division awarded judgment to McWhite on his claim to quiet title under RPAPL 1501(4). *See id.* at 1071.

## C. Plotch Was Not Required to Intervene in the 2008 Foreclosure Action

In determining that the judgment in the 2008 Foreclosure Action collaterally estopps Plotch from maintaining the instant quiet title action, the District Court

emphasized the fact that Plotch did not seek leave to intervene in the 2008 Foreclosure Action [JA -409]. This was error, as it is not incumbent upon a non-party to an action to intervene in an action lest the non-party be collaterally estopped by a judgment rendered in that action. Rather, New York law—as well as bedrock due process principles—confirm that absent parties are not required affirmatively to intervene in litigation to protect their rights. If their rights may be inequitably affected, then mandatory joinder rules protect them. Thus, contrary to the District Court's ruling, Plotch is not bound by the judgment entered in the 2008 Foreclosure Action simply because Plotch *perhaps could have* intervened in that prior suit.

The United States Supreme Court long ago recognized that "[t]he law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger. … Unless duly summoned to appear in a legal proceeding, a person not a privy may rest assured that a judgment recovered therein will not affect his legal rights." *Chase National Bank v. City of Norwalk,* 291 U.S. 431, 441 [1934]. In other words, due process does not "permit the preclusion of a plaintiff's claim on the ground that he could have intervened in a state court litigant's action if he did not actually do so." *Green v. City of Tucson*, 255 F.3d 1086, 1101 [9th Cir. 2001] (emphasis in original), *overruled in irrelevant part by Gilbertson v. Albright*, 381 F.3d 965 [9th Cir. 2004]. That is true regardless of whether the absent party has notice of the ongoing litigation. "Joinder as a party,

15

rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree." *Martin v. Wilks*, 490 U.S. 755, 765 [1989]; *see also Taylor*, 553 U.S. at 897-898 (holding that binding a nonparty would "violate[] due process" even if it "had notice of the original suit").

New York law gives effect to that due process requirement by requiring joinder, not intervention, when "[p]ersons … who might be inequitably affected by a judgment in the action" are not included as parties at the outset. CPLR 1001(a). New Yorkers need not worry that their rights are being litigated in their absence—if they "might be inequitably affected," then they will be joined. Id. Of course, strangers to the litigation are free to choose to intervene. New York law outlines when absent parties "shall be permitted to intervene," CPLR 1012, and "may be permitted to intervene," CPLR 1013. But no rule mandates that absent parties must intervene if they might be inequitably affected by the judgment. As the law makes clear, that is the job of mandatory joinder.

It is the responsibility of the *plaintiff* to join all necessary parties to an action. This is apparent from New York's statutory scheme. Under CPLR 1003, "[n]onjoinder of a party who should be joined under section 1001 is a ground for dismissal of an action". CPLR 1003. CPLR 1001(a) requires joinder of all persons whose presence is necessary in order for complete relief to be accorded between the

16

already joined parties as well as those persons who might be inequitably affected by a judgment in the action. *See* CPLR 1001(a) ("Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants"). Under CPLR 3211(a)(10), a party may move to dismiss an action on the grounds that "the court should not proceed in the absence of a person who should be a party".

In an action to foreclose a mortgage, the owner of the mortgaged premises shall be made a defendant to the action. *See Home Sav. of Am., F.A. v Gkanios*, 233 AD2d 422, 422 [2d Dept 1996] ("In an action to foreclose a mortgage, all parties having an interest, including persons holding title to the subject premises, must be made a 'party defendant to the action') *quoting* RPAPL 1311(1). "The absence of a necessary party in a foreclosure action simply leaves such party's rights to the premises unaffected". *In re Comcoach Corp.*, 698 F2d 571, 574 [2d Cir 1983]. Read together, these authorities reflect that the consequences of the failure to join a necessary party to an action are borne by the plaintiff—be it in the form of the dismissal of the action, or, in a foreclosure action, a judgment which is ineffectual as against the property interest of the omitted party.

The District Court's imposition, in effect, of an affirmative duty on Plotch to intervene rewrites these rules and undermines binding United States

17

Supreme Court precedent. Rather than require the plaintiff to join everyone whose rights might be affected under CPLR 1001(a), the burden would shift to *absent parties*: Anyone who *can* intervene under CPLR 1013 *must* do so or risk preclusion in later litigation to which they are actually a party. that is not the law. Indeed, such a requirement would be unconstitutional. If US Bank wished to bind Plotch to the judgment in the 2008 Foreclosure Action, it should have sought to *join* Plotch pursuant to CPLR 1001(a). It did not. Hence, Plotch's rights are unaffected by that judgment.

### D. Since the State Court Denied US Bank's Attempts to Make Plotch a Party to the 2008 Foreclosure Action, the District Court's Holding that the Judgment Binds Plotch Violates the *Rooker-Feldman* Doctrine

US Bank made two motions to substitute Plotch as a party to the 2008 Foreclosure Action (an original motion and a motion to reargue or renew). Both motions, however, were denied by the Supreme Court, Queens County, leaving Plotch as a non-party to the 2008 Foreclosure Action. No appeal was taken from either decision of the Supreme Court, and the time to do so has long since expired. Plotch, then, could not be added to the 2008 Foreclosure Action when he commenced this quiet title action and cannot be added to the 2008 Foreclosure Action now. *See Mtge. Elec. Registration Sys., Inc. v. Gifford,* 133 AD3d 429, 430 [1st Dept 2015] ("The Supreme Court properly denied the motion on the ground that essentially the same issue…had been resolved in the May 2012 order, which Gifford did not appeal.

18

The May 2012 order therefore became a valid and conclusive adjudication of the parties' substantive rights"). Thus, whatever the viability of US Bank's foreclosure action *against the parties to that action*, it is clear from two separate, un-appealed orders of the state court that the 2008 Foreclosure Action was not viable as against Plotch.

However, by according preclusive effect against Plotch to a judgment rendered in an action to which the state court twice refused to make him a party, the District Court effectively re-wrote these state court orders in violation of the *Rooker-Feldman* doctrine. "Lower federal courts lack authority to review state court orders, which must be appealed within the state court system". *Coleson v Parker*, 20-CV-951 (CM), 2020 WL 1140690, at *2 [SDNY Mar. 6, 2020], *citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (noting that "28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments."). Accordingly, [US Bank's] remedy is to appeal any adverse decisions within the state court system". *Coleson*, 2020 WL 1140690, at *2.

In determining that Plotch is bound by the judgment rendered in the 2008 Foreclosure Action the District Court effectively accorded US Bank the relief that the state court twice *denied* US Bank, by subjecting Plotch to the consequences of an action to which the state court refused to add him as a party,

19

in two separate final, un-appealed orders.

### E. The District Court's Authorities Are Distinguishable

The authorities cited by the District Court for the proposition that Plotch's quiet title action was an impermissible collateral attack upon the judgment of foreclosure and sale are distinguishable. The District Court quoted *Amtrust-NP SFR Venture, LLC v Thompson*, 181 AD3d 762, 763 [2d Dept 2020] ("*Amtrust*") for the proposition that "a judgment in a foreclosure action 'render[s]….[an] action to quiet title ineffectual'". [JA at 407] (alterations in District Court Decision and Order). The full, unaltered quote from *Amtrust* reads as follows: "allowing the plaintiff to foreclose the equitable lien <u>at this juncture</u> *could render* an eventual judgment in the quiet title action ineffectual". *Id.* at 726 (emphasis added). In *Amtrust*, a property owner that commenced a quiet title action against the putative mortgagee (Amtrust), entered into a stipulation with Amtrust which permitted Amtrust to *commence* a foreclosure action (so that the statute of limitations would not expire), notwithstanding that the Supreme Court had issued an injunction against the prosecution of a foreclosure action. *Id.* at 726-726. In other words, *since there was a prior action pending between the same parties* (the owner's quiet title action against the putative mortgagee, AmTrust), the Appellate Division denied AmTrust's motion in the foreclosure action for summary judgment on its equitable lien foreclosure claim. *See id.* at 726. *Amtrust* does not stand for the sweeping

20

proposition suggested by the District Court that a judgment of foreclosure and sale collaterally estops an action to quiet title commenced by one who was not a party to the foreclosure action and not otherwise bound by the foreclosure judgment.

The District Court cited *Carbone v Deutsche Bank Nat. Tr. Co.*, 145 AD3d 848 [2d Dept 2016] for the proposition that a quiet title action "is an improper collateral attack upon the judgment [of foreclosure and sale]". [JA – 407]. But the quiet title plaintiff in Carbone took his deed three years *after* entry of the judgment of foreclosure and sale. *See id.* at 849. Here, there was no judgment of record in the foreclosure action when Plotch acquired title in 2016. In *Clark v Deutsche Bank Natl. Tr. Co.*, 182 AD3d 574 [2d Dept 2020], a plaintiff who commenced a prior action to set aside deeds on the basis that her signatures thereto were a forgery, which action terminated with a judgment declaring that she had failed to rebut the presumption of due execution of the deeds, was held to be estopped from maintaining a later quiet title action based upon the same allegation that her signatures to the deeds were a forgery. *See id.* at 144-45. Here, by contrast, Plotch was not a party to the 2008 Foreclosure Action, and the 2008 Foreclosure Action did not adjudicate the claim or issue whether Plotch's interest in the Premises was foreclosed by the judgment rendered therein or whether an action to foreclose against Plotch was time-barred. Hence, *Clark* is distinguishable.

**F. US Bank's Commencement of the 2024 Reforeclosure Action After the District Court's Order is a Tacit Admission that the 2008 Foreclosure Action Judgment Did Not Affect Plotch**

US Bank commenced an action for reforeclosure against Plotch on August 24, 2024—four months after the District Court dismissed Plotch's quiet title action. This constitutes a tacit admission on the part of US Bank that the judgment rendered in the 2008 did not foreclose Plotch's interest in the property.

This Court itself has recently affirmed a longstanding principle of New York law that where a foreclosure action to which the property owner was not a party proceeds to a judgment and to a judicial sale, the interest of the property owner is not affected by the foreclosure judgment. *See Gokhvat Holdings v. US Bank National Association,* 23-300, 2024 WL 677078 [2d Cir. Feb. 20, 2024], *quoting Barson v. Mulligan,* 191 NY 306, 320 [1902] ("a purchaser at a foreclosure sale, defective and void as against the owner of the equity of redemption because he was not made a party to the foreclosure action, becomes assignee of the *mortgage*"). In other words, no sale of real property occurs in such instance, notwithstanding the nominal issuance of a "Referee's Deed".

**POINT II**

**THE ABSENCE OF A VALID NOTICE OF PENDENCY OF
THE 2008 FORECLOSURE ACTION WHEN PLOTCH ACQUIRED
TITLE RENDERS PLOTCH UNAFFECTED BY THE 2008
FORECLOSURE ACTION**

As noted, Plotch was a non-party to the 2008 Action, and thus, cannot be deemed affected by the judgment rendered therein. An exception to the general rule barring actions from affecting non-parties thereto arises when (1) the action affects real property, (2) a non-party purchases the property, and (3) a valid notice of pendency was of record against the property at the time of conveyance. *See* CPLR 6501.

Here, however, at the time that title was conveyed to Plotch, and at the time that the Referee's Deed to Plaintiff was recorded, (both of which occurred in 2016), no notice of pendency was of record against the Property. As such, the exception to the rule insulating non-parties from the consequences of actions to which they are not a party does not apply.

A notice of pendency has an effective duration of three years from its filing. See CPLR 6513 ("A notice of pendency shall be effective for a period of three years from the date of filing"). "A notice of pendency that has expired without extension is a nullity." *In re Sakow*, 97 NY2d 436, 442 [2002]. Thus, the 2008 notice of pendency expired automatically on February 9, 2011. *See In re Sakow*,

97 NY2d at 442 ("CPLR 6513 provides that a notice of pendency terminates automatically on the expiration of the three-year period unless extended").

US Bank's expired notice of pendency of the 2008 Foreclosure Action did not bind Plotch to the outcome of the 2008 Foreclosure Action. In *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400 [2d Dept 1983], the Appellate Division rejected the contention that an expired notice of pendency bound a contract vendee of the property as if it was a party to the foreclosure action, where the contract vendee acquired and recorded its interest after the notice had expired. *See Polish Nat. Alliance of Brooklyn, USA*, 98 AD2d at 405 ("The 1977 notice lapsed the end of its statutory three-year duration (CPLR 6513) and it could not affect White Eagle's contract vendees who acquired their interest after the notice had expired and recorded that interest before the second notice of pendency was filed in August 1981"); *see also Bank of NY v Terrapin Indus., LLC,* 189 AD3d 620, 621 [1st Dept 2020] (purchaser of realty unaffected by pre-existing action pending at the time of transfer because the "notice of pendency had expired"). As the New York Court of Appeals aptly put it, "[t]his is an exacting rule; a notice of pendency that has expired without extension is a nullity." *In re Sakow,* 97 NY2d 436, 440 [2002].[2]

---

[2] *See also* <u>Advisory Committee Notes to CPLR §6513</u> ("Under CPA § 121-a, a prospective purchaser, who had not examined the notice of pendency records and hence had no actual notice of a suit, could not be charged with constructive notice if a filed notice was over three

The New York Court of Appeals is clear that in the absence of a valid notice of pendency, a purchaser of property cannot be bound by, or even charged with notice of, pending litigation. *See, e.g., In re Sakow,* 97 N.Y.2d 436, 440 [2002] (CPLR Art. 65 "requir[es] the filing of a notice of pendency before a would-be purchaser or encumbrancer would be charged with notice…[T]he notice of pendency [is] filed with the records pertaining to the real property itself, and third persons [are] charged with knowledge only of what appear[s] in those records"); *Grid Realty Corp. v. Fazzino,* 42 NY2d 1048 [1977] (non-party purchaser of realty unaffected by outcome of realty-related litigation pending at the time of conveyance, because notice of pendency had expired); *Revelone, Inc. v. Arlind Realty Corp.,* 274 AD 656, 661 [1st Dept 1949] *aff'd no opinion* 299 NY 67 [1949] ("the proceedings in any action or any judgment therein shall not affect the real property after cancellation of the notice of pendency of action"); *Schomacker v.*

---

years old. But **the operation of CPA § 121-a would have been thwarted if a purchaser who examined the records and discovered a stale notice could have been considered to have been thereby actually notified of a pending suit or charged with a duty to investigate whether the suit was still pending**. Clearly, a stale notice of pendency should be wholly ineffective for any purpose whatever. **By omitting the words "as notice" and leaving the former phrase "shall be effective," this section is designed to accomplish that objective")** (Emphasis added); 2 Bergman on New York Mortgage Foreclosures § 15.07 (2021) ("A controlling maxim is that an expired notice of pendency affords no notice at all. When a notice of pendency expires, it is a nullity and has no effect on subsequent purchasers. This includes those who have actual knowledge of the litigation or the notice of pendency…. Included in subsequent purchasers unaffected by an expired *lis pendens* are those with actual knowledge of the litigation or actual notice of the *lis pendens* when still valid.").

*Michaels,* 189 NY 64 [1907] ("in order to conclude by the judgment parties subsequently acquiring an interest in the property it is *necessary* to file a notice of the pendency of the action"); *see also Bayview Loan Servicing v. White,* 134 AD3d 755, 755-756 [2d Dept 2015] ("no notice of pendency was filed with respect to the property in the partition action…the plaintiff is not bound by [the] judgment [in the partition action] because the plaintiff was not a party in the partition action")[3].

With the enactment of CPLR Article 65, the Legislature replaced the common law "lis pendens" doctrine, which had held that the mere pendency of a lawsuit, standing alone, was sufficient to bind non-party purchasers of realty to the outcome of the action. *See In re Sakow*, 97 NY2d 436 [2002] ("In light of this troubling restraint on alienation of real property, the common-law lis pendens doctrine was replaced in most states by statutes requiring the filing of a notice of pendency before a would-be purchaser or encumbrancer would be charged with

---

[3] *See also* 8 Warren's Weed New York Real Property § 89.28 (2021) ("a purchaser or encumbrancer who examines the records and discovers a stale notice [of pendency] is not considered to have actual notice of a pending suit and is not charged with a duty to investigate to determine whether the suit is still pending"); 2 Bergman on New York Mortgage Foreclosures § 15.02 (2021) ("The common law rule was changed by statute so that it is now necessary to file a lis pendens in the action to bind parties subsequently acquiring an interest in property…a lis pendens has no effect upon parties acquiring or perfecting an interest in the real property subsequent to its expiration. Thus, the rights of **parties, acquired at a time in which a lis pendens either was not filed or had lapsed, will not be affected by the foreclosure judgment")** (Emphasis added).

notice of the prior interest"). Rather, it is only upon "strict compliance with the statutory procedural requirements" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984]), that the "special consequence" (*id.* at 318) of the statutory notice filing arises, i.e., that "[a] person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as if he were a party". (CPLR 6501).

Here, Plaintiff acquired and recorded the Referee's Deed to the Property when there was no notice of pendency of record of the 2008 Foreclosure Action, and hence Plaintiff is not bound to the proceedings of that action. *See id.*

A. **Plotch Was Not In Privity With Any Party for Purposes of the 2008 Foreclosure Action and In Any Event, Privity is Not a Substitute for Maintaining a Valid Notice of Pendency**

In determining that the judgment in the 2008 Foreclosure Action collaterally estopps Plotch from maintaining a separate quiet title action, the District Court placed great emphasis on its finding that Plotch was "in privity" with the Condominium, which was made a party to the 2008 Foreclosure Action. This reliance is misplaced for several reasons.

First, Plotch was not in privity with the Condominium—or with any other party to the 2008 Foreclosure Action. *See Packer v Rochester and Syracuse R.R. Co.*, 17 NY 283, 298 [1858]. Indeed, the state court twice denied US Bank's efforts to "substitute" Plotch as a defendant in place of the former owner/borrower

27

Chavez, reasoning that Plotch does not stand in the shoes of the former owner. [JA-286]. Those unappealed orders are res judicata (collateral estoppel) as to the issue of privity between Plotch and the former owner. *See Ryan v New York Tel. Co.,* 62 NY2d 494, 500 [1984].

In any event, notions of privity are not a substitute for the maintenance of a valid notice of pendency in order to bind a non-party purchaser of realty to the outcome of a litigation which affects title to real property. That a purchaser of realty will not be bound to the outcome of a pending foreclosure action in the absence of a notice of pendency or joinder to the action -- even if the purchaser is aware of the existence of the mortgage at the time of purchase and even if the purchaser acquired its interest from a party to the action -- is made clear in what is perhaps the most oft-cited foreclosure case in the annals of New York law, *Polish Nat'l. Alliance of Brooklyn, USA v White Eagle Hall Co., Inc.*, 98 AD3d 400 [2d Dept 1983] ("*Polish Nat'l*"), and its companion case, *White Eagle Hall Co. v. Safay,* 138 AD2d 592 [2d Dept 1988] *lv dismissed* 72 NY2d 954 [1988] ("*White Eagle*"), which further elucidates the facts underlying *Polish Nat'l.*

In *Polish Nat'l.,* purchasers entered into contract to purchase a parcel of realty. At the time of contract, an action to foreclose a pre-existing mortgage on the subject realty was pending. Critically, however, "the notice [of pendency] had expired" prior to the purchase. (*Polish Nat'l* at 405.) Because no valid notice of

pendency was extant at the time of purchase, the pre-existing foreclosure action, and the judgment of foreclosure ultimately issued therein, "could not affect" the purchasers. (*Id*.) Further, even though, in "the contract," the purchasers "acknowledged that the mortgage on the premises is in default and that there is presently outstanding a foreclosure action," the purchasers' rights remained "unaffected by the judgment of foreclosure and sale" "in the absence of their joinder in the foreclosure action". (*White Eagle* at 593-594.).

Notably, the non-party contract vendees (Safay, La Manna and Fuchs) in *Polish National* and *White Eagle* executed a contract to purchase the subject property *with a seller* (White Eagle Hall Company) *who was a party to the foreclosure action*. *See Polish National, 98* AD2d at 402, 405 ("White Eagle contracted to sell the property to Henry Safay, Jake La Manna and Hanna Fuchs . . . We reject the contention that the filing of PNA's first notice of pendency in 1977 bound the contract vendees as if they were parties to the foreclosure action. The 1977 notice lapsed at the end of its statutory three-year duration (CPLR 6513) and it could not affect White Eagle's contract vendees who acquired their interest after the notice had expired").

*Polish Nat'l* and *White Eagle* thus underscore that neither knowledge of a pre-existing *mortgage* nor the fact that a non-party acquired its interest from one who was a party to the action has any bearing on whether a purchaser of realty

is bound by a pre-existing *action* to foreclose that mortgage. Only an extant notice of pendency of record at the time the non-party acquired its interest in the realty can bind a non-party to a foreclosure action. *See Schomacker v. Michaels,* 189 NY 61, 64 [1907] ("in order to conclude by the judgment parties subsequently acquiring an interest in the property it is necessary to file a notice of the pendency of the action").

Indeed, as this Court itself has recognized, it is t*he presence of record of a notice of pendency*—and the notice and the opportunity to be heard that the filing of the statutory notice imparts—that satisfies a property owner's right to due process before being bound to a judgment which affects real property. *See Diaz v Paterson*, 547 F3d 88, 100-01 [2d Cir 2008].

A purchaser's knowledge of a pre-existing mortgage does not bar his invocation of the statute of limitations. *See Roth v Michelson*, 55 NY2d 278, 280 [1982] (holding purchasers who acquired title "*with knowledge that the second mortgage indebtedness it secured was in default . . . may yet avail themselves of the time lapse to bar foreclosure of their acquired interest*") (emphasis added). Taking title 'subject' to a mortgage does not estop the purchaser from invoking arguments against the validity of that pre-existing mortgage. *See In re Oakes,* 248 NY 280, 284 [1928] ("the rule is well settled that one who accepts a conveyance

'subject' to a lien or claim does not…estop himself from asserting that the lien or claim is without validity").

Since no notice of pendency of the 2008 Foreclosure Action was of record when Plaintiff acquired his interest in the Property, Plotch is not bound to the outcome of the 2008 Foreclosure Action and is not barred from invoking the statute of limitations.

## POINT III

**THE "WITH PREJUDICE" DISCONTINUANCE OF THE ONLY (2018) FORECLOSURE ACTION INTERPOSED AGAINST PLOTCH MEANS THAT THE 2008 JUDGMENT CANNOT HAVE ANY PRECLUSIVE EFFECT AGAINST PLOTCH**

As noted above, the State Court *twice* denied US Bank's motions to make Plotch a party to the 2008 Foreclosure Action. Undaunted, US Bank commenced the 2018 Foreclosure Action against Plotch. That action sought foreclosure of the same mortgage, and the sale of the same property to satisfy the mortgage debt, as did the 2008 Foreclosure Action. *Compare* [JA 25-37] (2008 action complaint) *with* JA 38-110] (2018 action complaint).

The 2018 Foreclosure Action was the *only* foreclosure action to which Plotch was made a party. That foreclosure action was discontinued *before* the entry of judgment in the 2008 Foreclosure Action. The 2018 Foreclosure Action sought foreclosure of the Mortgage as against Plotch and sought foreclosure for

31

the entire accelerated mortgage debt. That 2018 Foreclosure Action — the *only* foreclosure action interposed against Plotch which sought foreclosure of the entire mortgage debt — was discontinued "with prejudice". "[A] discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of *res judicata*". *Wells Fargo Bank, N.A. v Enbar*, 173 AD3d 938, 940 [2d Dept 2019].

The discontinuance of the 2018 Foreclosure Action with prejudice is entitled to *res judicata* effect, barring any *subsequent foreclosure action against Plotch* for the full accelerated mortgage debt. *See Enbar*, 173 AD3d at 941 ("[T]he discontinuance of the first action with prejudice was entitled to *res judicata* effect, *barring this subsequent action arising from the same operative facts and ascertaining the same claims against the same parties*") (emphasis added). In *Enbar*, the Appellate Division rejected the mortgagee's contention that, after having accelerated the mortgage debt and having discontinued with prejudice a foreclosure action upon the full accelerated mortgage debt, the bank could commence a subsequent foreclosure action against the same parties based upon the same operative facts. *See Enbar*, 173 AD3d at 940-941.

The state court order dismissing the 2018 Foreclosure Action "with prejudice", was not appealed by US Bank and the time to do so has expired. Yet, by interpreting the judgment in the 2008 Foreclosure Action to preclude Plotch's

rights to maintain a quiet title action, the District Court impermissibly undermined the finality of the order discontinuing the 2018 Foreclosure Action with prejudice against Plotch. "[A] final judgment or order represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal". *Da Silva v Musso*, 76 NY2d 436, 440 [1990]. Due to the "with prejudice" discontinuance of the 2018 Foreclosure Action against Plotch, no further foreclosure action against Plotch for the full accelerated mortgage debt may be interposed.

In affording preclusive effect to the judgment in the 2008 Foreclosure Action, the District impermissibly sat in appellate review of the state court order which discontinued the 2018 Foreclosure Action with prejudice against Plotch, a further violation of the *Rooker-Feldman* doctrine. *See Coleson*, 2020 WL 1140690, at *2.

**POINT IV**

**US BANK'S THEORETICAL CLAIM FOR RE-FORECLOSURE DOES NOT PRECLUDE AN ACTION TO QUIET TITLE BY PLOTCH**

As an alternative basis for its dismissal of the quiet title action, the District Court reasoned that US Bank's "right" to maintain a reforeclosure action under RPAPL §1503 precluded Plotch from maintaining an action to discharge the mortgage as time-barred under RPAPL §1501(4). For several reasons, this was error.

> **A.** **Since No Claim For Re-Foreclosure Was Pending Before The District Court, the District Court Rendered An Impermissible Advisory Opinion.**

While this action was pending before the District Court, US Bank never sought relief under RPAPL §1503. Thus, the applicability of relief under RPAPL §1503 was never before the District Court, and purely hypothetical. U.S. Bank's request that the District Court opine on what *would* occur *if* it sought relief under RPAPL §1503 improperly sought an advisory opinion. The jurisdiction of courts "extends only to live controversies" and courts are precluded from giving advisory opinions or ruling on academic, hypothetical, moot, or otherwise abstract questions". *Saratoga County Chamber of Commerce, Inc. v Pataki*, 100 NY2d 801, 810-11 [2003].

Theoretical relief that might, but has not, been sought, is not a defense

to a cause of action for cancellation of a mortgage under RPAPL §1501(4). *See generally Gabriel v Prime*, 30 AD3d 955, 957 [3d Dept 2006] ("The Court's jurisdiction extends only to live controversies and it is not appropriate to speculate as to collateral matters"). Instead, RPAPL §1501(4), which empowers anyone with an interest in property to seek discharge of a time-barred mortgage, authorizes such a cause of action *as soon as the limitations period for commencement of a foreclosure action against the claimant has expired*. *See Batavia Townhouses, Ltd. v. Council of Churches Hous. Dev. Fund Co.,* 38 NY3d 467, 470 [2022] ("RPAPL 1501(4) allows a party to cancel a mortgage where the limitations period for commencing a foreclosure action has expired"). Contrary to Defendant's claim, there are no *further* predicates – let alone a requirement to *wait* until an as-yet unripe reforeclosure cause of action accrues and is adjudicated – to relief under RPAPL §1501(4). *Cf. Chem. Bank v Levine,* 91 NY2d 738, 742 [1988] ("the Legislature knows how to make specific provision for the result defendant seeks when that result is, in fact, intended"). Legal maneuvers not yet made, and which may never be feasible, cannot affect the adjudication of an action. *See Steel Co. v Citizens for a Better Envt.,* 523 US 83, 101 [1998] ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment — which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning").

35

The District Court's citation to *Targee St. Internal Medicine Group, P.C. v Deutsche Bank Nat. Tr. Co.*, 92 AD3d 768 [2d Dept 2012] ("*Targee*") is unavailing. The defendant in *Targee was not* an owner of the property, and no party in *Targee* interposed a claim to quiet title to discharge the mortgage under RPAPL 1501. *See id.* While the District Court selectively quoted *Targee* for the proposition that a foreclosure sale purchaser's right right to reforeclosure is "absolute" (JA-405), the defendant against whom reforeclosure was sought in *Targee* was the holder of "an admittedly junior *lien*". *Targee*, 72 AD3d at 769 (emphasis added). Plotch is not the holder of any lien—he is the title owner pursuant to the Referee's Deed. And as cases such as *McWhite* (*see* Point I, *supra*), reflect, success on an action for reforeclosure against a property owner who was not made a party to the foreclosure action is not a *fait accompli*. *See McWhite*, 210 AD3d at 1072 (dismissing reforeclosure complaint brought by foreclosure sale purchaser against owner of property which was not made a party to the foreclosure action since "the defect in the foreclosure action [in allowing the foreclosure action to proceed to judgment without the owner as a party] was due to the willful neglect of the foreclosure plaintiff"). In any event, the viability of an unasserted, not-yet-pending claim for reforeclosure was not properly before the District Court, as any opinion on such a hypothetical cause of action constitutes an impermissible advisory opinion.

**B. Permitting A Theoretical Re-Foreclosure Claim To Preclude An Action To Quiet Title Under RPAPL §1501(4) Would Render RPAPL §1501(4) Meaningless.**

If a valid RPAPL §1501(4) claim can be defeated by the simple expedient of the mortgagee alleging that it can commence a re-foreclosure action under RPAPL 1503, then the language of RPAPL §1501(4) directing the discharge of a time-barred mortgage would be rendered meaningless and the remedy afforded by RPAPL 1501(4) illusory—results to be avoided under the canons of statutory construction. *See Natl. Energy Marketers Assn. v New York State Pub. Serv. Commn.*, 33 NY3d 336, 348 [2019]. Taking US Bank's argument to its logical conclusion, *no time-barred mortgage could be discharged by an RPAPL §1501(4) claim* if the mortgagee simply asserted that it "may" acquire the ability to seek re-foreclosure in the future. The Legislature cannot be presumed to have intended such an absurd result.

**POINT V**

**THE MORTGAGE SHALL BE DISCHARGED UNDER RPAPL 1501(4) SINCE FORECLOSURE OF THE MORTGAGE IS TIME-BARRED AS AGAINST PLOTCH**

"Pursuant to RPAPL 1501(4) a "person having an estate or *664 an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired". *2078 Mgt., LLC v US Bank Tr., N.A.*, 229 AD3d 662, 663-64 [2d Dept 2024]. "RPAPL 1501(4)…requires the party bringing such an action to establish that the limitations period for the commencement of a mortgage foreclosure action has expired…a party seeking to cancel or discharge a mortgage must first establish that the limitations period for enforcement by way of foreclosure has already expired." *Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc.,* 38 NY3d 467, 472 [2022].

An action to foreclose a mortgage is governed by a six-year statute of limitations. *See* CPLR 213(4). The commencement of a prior foreclosure action with a complaint which contains a demand for immediate payment in full of the entire mortgage debt accelerates the mortgage and triggers the six-year statute of limitations on an action to foreclose the mortgage. *See Everhome Mtge. Co. v Aber,* 39 NY3d 949, 950 [2022] ("In this foreclosure action, defendant established

38

that the statute of limitations began to run on April 30, 2009, when plaintiff commenced the first action to foreclose the mortgage").

Here, there is no dispute that the complaint in the 2008 Foreclosure Action accelerated the debt, and that, when Plotch commenced this quiet title action, more than six years has passed since the entirety of the mortgage debt was due. Plotch is not a party to any foreclosure action. Indeed, the lone foreclosure action that had been (untimely) brought against Plotch was discontinued *with prejudice.* Accordingly, Plaintiff's "rights under RPAPL 1501(4) to discharge and cancellation of the mortgage have vested…[and plaintiff is entitled to] judgment on its []claim pursuant to RPAPL article 15 to cancel and discharge of record the mortgage". *Everhome Mtge. Co. v. Aber,* 195 A.D.3d 682, 686, 689 [2d Dept 2021], *affd* 39 NY3d 949 [2022].

## CONCLUSION

The Judgment and the Decision and Order should be reversed and the Bank's cross-motion for summary judgment dismissing the Complaint under Fed. R. Civ. P. 12(b)(6) should be denied.

Dated:      Garden City, New York
September 4, 2024

**ROSENBERG FORTUNA & LAITMAN, LLP**

By:   *Anthony R. Filosa*

**ANTHONY R. FILOSA**
Attorneys for Plaintiff-**Appellant Adam Plotch**
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements and Type-Style Requirements.

      1.    This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 9,284 words.

      2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word (2019/Office) in 14-point font, Times New Roman.

Dated:      Garden City, New York
               September 4, 2024

                     **ROSENBERG FORTUNA & LAITMAN, LLP**

            By:   *Anthony R. Filosa*

                     **ANTHONY R. FILOSA**
                     Attorneys for **Appellant Gokhvat Holdings LLC**
                     666 Old Country Road, Suite 810
                     Garden City, New York 11530
                     (516) 228-6666

Special Appendix

i

## TABLE OF CONTENTS
*(Special Appendix)*

Decision and Order of Hon. William F. Kuntz, II,
Dated April 23, 2024, Appealed From ......................................................SPA-1

Judgment of United States District Court Eastern
District of New York, Dated April 24, 2024,
Appealed From ............................................................................................SPA-15

# [SPA-1]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| ADAM PLOTCH | : | **DECISION & ORDER** |
| | : | 21-CV-06078 (WFK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiff Adam Plotch ("Plaintiff") brought this action against U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation, Asset Backed Certificates, Series 2006-HE1 ("Defendant"), pursuant to Article 15 of the Real Property Actions and Proceedings Law ("RPAPL") of the State of New York, seeking the cancellation and discharge of a mortgage held by Defendant encumbering real property owned by Plaintiff. Before the Court is Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, ECF No. 20, as well as Defendant's cross-motion for summary judgment, ECF No. 23. For the following reasons, Plaintiff's motion for summary judgment is DENIED and Defendant's cross-motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiff Adam Plotch is the owner of a condominium unit located at 70-85 Park Drive

East, Flushing, New York [Block 6548, Lot 1241] and an appurtenant parking space located at

134 Jewel Avenue, Unit G078, Flushing, New York [Block 6548, Lot 1078] (collectively, the

"Property"). Plaintiff's Rule 56.1 Statement of Material Undisputed Facts ("Pl. Stmt.") ¶ 1, ECF

No. 20-14; Defendant's Counterstatement of Material Undisputed Facts ("Def. Stmt.") ¶ 1, ECF

No. 23-10 (citing Verified Complaint ("Verified Compl.") ¶ 7, ECF No. 1)[1]; Plocht Referee

Deed, ECF No. 20-3.

---

[1] While Defendant does not explicitly address the Jewel Avenue parking space in its counterstatement of facts, its citation to paragraph seven of the Verified Complaint—which references the "Premises," defined in paragraph one of that pleading to include the parking space—suggests this fact is not in dispute. *See also* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly

Case 1:21-cv-06078-WFK-RML   Document 27   Filed 04/23/24   Page 2 of 14 PageID #: 771

On or about August 25, 2006, non-party and then-owner of the Property, Herman Chavez, executed a mortgage to Mortgage Electronic Registration System, Inc., as nominee for Accredited Home Lenders Inc., in the amount of $275,000.00 with interest. Pl. Stmt. ¶ 2; Def. Stmt. ¶ 2. The Mortgage was recorded on October 24, 2006, and then assigned to Defendant U.S. Bank National Association on February 19, 2009. Mortgage at 1, ECF No. 20-4; Assignment of Mortgage at 1, ECF No. 20-5. The assignment was recorded in the Office of the City Register of the City of New York for the County of Queens on March 19, 2009. Assignment of Mortgage at 1.

On February 21, 2008, Defendant initiated a foreclosure action (hereinafter "2008 Foreclosure Action") against then-owner Chavez, as well as the board of the condominium and others, in state court. Def. Stmt. ¶¶ 4, 7; Pl. Stmt. ¶¶ 4, 7; 2008 Foreclosure Summons and Complaint, ECF No. 20-6; Judgment of Foreclosure and Sale at 1-2; ECF No. 24-1.[2] The action was dismissed in 2017, but then restored on June 29, 2020. Def. Stmt. ¶ 11 (citing Verified Compl. ¶¶ 19, 20).

Plaintiff acquired the Property pursuant to a referee's deed dated January 30, 2016. Plocht Referee Deed at 1. Plaintiff placed the highest bid, in the amount of $49,000.00, at a foreclosure sale held pursuant to a judgment rendered in favor of the Board of Managers of Queens Boulevard Tower Condominium[3] in a separate foreclosure action. *Id.* at 2. That Board

---

address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

[2] While the assignment was not recorded until 2009, the complaint in the 2008 Foreclosure Action states Defendant (foreclosure plaintiff in that action) was the assignee of the mortgage at the time the action was commenced. ECF No. 23-3 ¶ 4.

[3] From the documents submitted by Plaintiff, it appears the condominium board that initiated the foreclosure sale pursuant to which Plaintiff acquired the property was the same board Defendant named in the complaint in the 2008 Foreclosure Action. *See* ECF No. 13-3; Judgment of Foreclosure and Sale at 1-2; Plocht Referee Deed at 3. Although Defendant named "Regent's Park Condominium" as opposed to

of Managers brought that action to foreclose a lien for unpaid common charges after non-party

Chavez also defaulted on those payments. *Id.* Plaintiff, who had no interest in the property at

the commencement of the 2008 Foreclosure Action, was not a party to that case. Def. Stmt. ¶ 8;

Pl. Stmt. ¶ 8. However, the condominium board, whose interest Plocht acquired, was a party to

that action. Judgment of Foreclosure and Sale at 1-2; Plocht Referee Deed at 3; *see also* 2008

Foreclosure Summons and Complaint.

In 2018, after the 2008 Foreclosure Action was dismissed but before it was reopened,

Defendant commenced a new foreclosure action in the Supreme Court of New York, Queens

County, naming Plaintiff as a party as record owner of the Property. Def. Stmt. ¶ 12; Pl. Stmt. ¶

11; 2021 Mem. and Order at 2-3, ECF No. 23-9. Defendant, as foreclosure plaintiff in that

action, then moved to dismiss the new foreclosure suit after the restoration of the 2008 case,

which the court granted. Def. Stmt. ¶ 13, Pl. Stmt. ¶12; ECF No. 23-9 at 2-3.

On May 2, 2023, the 2008 Foreclosure Action concluded, and the state court granted

Defendant's motion for judgment of foreclosure and sale. Judgment of Foreclosure and Sale at

5. On July 14, 2023, Defendant purchased the Property pursuant to a referee's deed at a

foreclosure sale held pursuant to the aforementioned judgment. U.S. Bank Referee Deed at 2,

ECF No. 25-1.

On November 1, 2021, Plaintiff brought this action seeking to discharge Defendant's

mortgage and quiet title pursuant to RPAPL §§ 1501(1) and (4). Defendant filed a motion to

dismiss the complaint on March 28, 2022. Def. Mot. to Dismiss, ECF No. 13. On September

19, 2022, Plaintiff filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules

of Civil Procedure. Plaintiff's Motion for Summary Judgment ("Pl. Mot."), ECF No. 20-15.

---

"Queens Boulevard Tower Condominium," Plaintiff's referee deed refers to both, suggesting it is the
same entity. Plocht Referee Deed at 2-3.

Defendant filed an opposition, styled as a cross-motion for summary judgment, the following day.  Defendant's Cross Motion for Summary Judgment ("Def. Mot."), ECF No. 23.[4]

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" based on the materials in the record. Fed. R. Civ. P. 56(a).  A genuine dispute exists if a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001).  Courts evaluating motions for summary judgment must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation and internal quotation marks omitted).  Once the moving party offers evidence that there is no genuine issue of material fact, the non-moving party then "must show the presence of a genuine issue by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in his favor, to establish the existence of that element at trial." *United States v. Rem*, 38 F.3d 634, 643 (2d Cir. 1994).  The role of the district court is not to weigh the evidence and to determine the truth of the matter, but rather to answer "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 249-50.

---

[4] While Defendant styles its submission as a "Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment" without explicitly indicating that the submission is an independent cross-motion, in light of Defendant's request that the Court "search the record and grant summary judgment in Defendant's favor," it shall be construed as a cross-motion.  Def. Mot. at 7 n.2. *See also Geller v. Prudential Ins. Co. of Am.*, 237 F. Supp. 2d 210, 212 n.2 (E.D.N.Y. 2002) (Block, J.) (construing a motion in opposition as a cross-motion where Defendant indicated its desire to have the Court rule on a cross-motion).

The same standard of review applies to cross-motions for summary judgment. *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 78 (E.D.N.Y. 2019) (Chen, J.). When a court is faced with cross-motions for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). A court "need not enter judgment for either party" in ruling on cross-motions for summary judgment. *Id.*

## APPLICABLE LAW

Plaintiff alleges the statute of limitations governing Defendant's ability to foreclose Plaintiff's interest in the Property pursuant to RPAPL § 1501(1) has expired, and Plaintiff is therefore entitled to a judgment cancelling and discharging Defendant's interest in the Property pursuant to RPAPL § 1501(4). Pl. Mot. at 10-12; *see also* Verified Compl. ¶ 2. In its cross-motion for summary judgment, Defendant argues, even "assuming Defendant is time-barred from adding Plaintiff as a party defendant in the 2008 FC Action (which it is not), Defendant is not barred from extinguishing Plaintiff's interest through a reforeclosure action [pursuant to RPAPL § 1503] since the statute of limitations expressly is not a bar to that remedy." Def. Mot. at 11-12. As such, Defendant maintains an action to quiet title is improper and summary judgment should be granted for Defendant. *Id.*

Quiet Title: "In New York, the equitable action to quiet title has been largely replaced by proceedings under Article 15 of the Real Property Actions and Proceedings Law (the 'RPAPL')." *Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1*, 247 F. Supp. 3d 329, 337 (S.D.N.Y. 2017) (Failla, J.). While an action brought pursuant to RPAPL Article 15 is a statutory action, "it has been described as a hybrid one in which the relief awarded is in large measure equitable in nature." *Dowd v. Ahr*, 563 N.Y.S.2d 917, 919 (N.Y. App. Div.

5

1990), *rev'd on other grounds*, 583 N.E.2d 911 (N.Y. 1991); *see also Brooklyn LLC v. City of New York*, 840 N.Y.S.2d 692, 694 (N.Y. Sup. Ct. 2007). Thus, while a plaintiff under this statute must only "describe in his or her complaint the nature of the plaintiff's interest in the real property and the source of this interest" in the pleadings, *Guccione v. Est. of Guccione*, 923 N.Y.S.2d 591, 593 (N.Y. App. Div. 2d Dep't 2011), a judgment issued pursuant to this statute "shall also declare that any party whose claim to an estate or interest in the property has been adjudged invalid . . . [shall] be forever barred from asserting such claim to an estate or interest the invalidity of which is established in the action, and [the court] may direct that any instrument purporting to create any such estate or interest be delivered up or cancelled of record or be reformed of record as the facts may require." *TEG NY LLC v. Ardenwood Ests., Inc.*, 2004 WL 626802, at *4 (E.D.N.Y. Mar. 30, 2004) (Trager, J.) (alternations in original); *see also Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 417 (S.D.N.Y. 2010) (Karas, J.) (A "judgment issued pursuant to RPAPL Article 15 must 'declare the validity of any claim . . . established by any party,' and may direct that an instrument purporting to create an interest deemed invalid be cancelled or reformed.") (quoting RPAPL § 1521(1)).

RPAPL § 1501(1) allows a person with an interest in real property to "maintain an action against any other person . . . to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make." The statute of limitations for actions under RPAPL § 1501(1) is six years. N.Y. C.P.L.R. § 213(4). Once the statute of limitations has run, a person with an interest in the property can file suit to quiet title pursuant to RPAPL § 1501(4). Under that subsection, "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's

6

lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom."  RPAPL § 1501(4).

Re-Foreclosure:  Notwithstanding the statute of limitations, there are certain instances in which a person has an "absolute right" to bring an action against another person asserting interest in a property. *Targee St. Internal Med. Grp., P.C. v. Deutsche Bank Nat. Tr. Co.*, 92 A.D.3d 768, 769 (N.Y. App. Div. 2012).  Under RPAPL § 1503, where "real property has been sold pursuant to a judgment in an action to foreclose a mortgage" and "such judgment, sale or conveyance was or may have been, for any reason, void or voidable as against any person . . . the purchaser or such mortgagee or designee, or the successor of any such person, in possession of such real property, may maintain an action as provided in this article to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage."  Importantly, that section provides that a re-foreclosure action "may be maintained even though an action against the defendant to foreclose the mortgage under which the judgment, sale or conveyance was made . . . would be barred by the statutes of limitation." *Id.*

## DISCUSSION

Given the judgment rendered in favor of Defendant in the 2008 Foreclosure Action, Plaintiff's request to quiet title must be denied for two reasons.  First, because an action to quiet title requires a court to make a finding as to the validity of the defendant's interest—an issue already decided by the state court in rendering its judgment in the 2008 Foreclosure Action—Plaintiff's claims constitute an improper collateral attack upon the state court judgment.  Second,

to the extent Plaintiff asserts the state court judgment is invalid or voidable as to him, Plaintiff's

attempt to discharge Defendant's interest is improper because Defendant retains an avenue to

foreclose against Plaintiff pursuant to RPAPL § 1503.

### I.    *Valid State Court Judgment*

When determining the preclusive effect of a prior state court judgment, "federal courts,

including those sitting in diversity, are required to apply the preclusion law of the rendering

state.  Under New York law, a final judgment on the merits of an action precludes the parties or

their privies from relitigating issues that were or could have been raised in that action."

*Giannone v. York Tape & Label, Inc.,* 548 F.3d 191, 192-93 (2d Cir. 2008) (internal citations and

quotation marks omitted); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S.

373, 380 (1985) ("[S]tate judicial proceedings 'shall have the same full faith and credit in every

court within the United States . . . as they have by law or usage in the courts of such State . . .

from which they are taken.'" (quoting 28 U.S.C. § 1738)).  In New York, "[a] judgment of

foreclosure and sale is final as to all questions at issue between the parties, and concludes all

matters of defense which were or could have been litigated in the foreclosure action." *Tromba v.*

*E. Fed. Sav. Bank, FSB*, 148 A.D.3d 753, 754 (N.Y. App. Div 2017) (quoting *Ciraldo v. JP*

*Morgan Chase Bank, N.A.*, 140 A.D.3d 912, 913 (N.Y. App. Div. 2016).  This is true even where

a judgment was entered on a party's default.  *Id.*  Because the Judgment of Foreclosure and Sale

in the 2008 Foreclosure Action would have preclusive effect under New York law, that decision

shall have the "the same full faith and credit" in this Court.  *Marrese*, 470 U.S. at 380.

As previously discussed, a court's judgment pursuant to Article 15 must "declare that any

party whose claim to an estate or interest in the property has been adjudged invalid . . . [shall] be

forever barred from asserting such claim to an estate or interest the invalidity of which is

established in the action." *TEG NY LLC*, 2004 WL 626802, at *4 (alterations in original); *see also 41 River Rd., LLC v. Bank of Am., NA*, 219 A.D.3d 789, 790 (N.Y. App. Div. 2023) ("To maintain a cause of action to quiet title to real property, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative."). As the public records submitted by Defendant make clear, Defendant acquired the Property on August 18, 2023 at a foreclosure sale by way of referee's deed. ECF No. 25-1. The sale was held pursuant to a Judgment of Foreclosure entered by the Supreme Court of the State of New York, Queens County on May 19, 2023. ECF No. 24-1. As discussed above, that judgment is awarded full faith and credit by this Court and has preclusive effect.

A judgment in a foreclosure action "render[s] . . . [an] action to quiet title ineffectual." *Amtrust-NP SFR Venture, LLC v. Thompson*, 181 A.D.3d 762, 765 (N.Y. App. Div. 2020). By asking the Court to declare Defendant's interest in the property invalid,[5] which is the crux of an action to quiet title, Plaintiff seeks a determination inconsistent with that of the state court. This constitutes "an improper collateral attack upon the judgment." *Carbone v. Deutsche Bank Nat. Tr. Co.*, 145 A.D.3d 848, 849 (N.Y. App. Div. 2016). As explained in *Clark v. Deutsche Bank National Trust Co.*:

> Pursuant to CPLR 3211(a)(5), a cause of action may be dismissed "because of . . . collateral estoppel . . . payment, release, [and/or] res judicata." "Under the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or should have been litigated in the prior proceedings against the same party." Under the related doctrine of collateral estoppel, relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the

---

[5] *See* Verified Compl. ¶ 39 (asking the Court to issue a judgment "forever barr[ing]" U.S. Bank from asserting a "claim to an estate or interest in the Premises" and directing the Office of the Register of the City of New York "to cancel and discharge of record the Mortgage").

> present action is precluded provided that there was a full and fair
> opportunity to contest the decision now alleged to be controlling.

123 N.Y.S.3d 142, 145 (N.Y. App. Div. 2020) (internal citations omitted).[6]

Insofar as Plaintiff requests the Court declare Defendant's interest invalid, such a finding is precluded by the state court's judgment deciding that issue. In *Carbone v. Deutsche Bank*, just as here, one party submitted to the court a "judgment of foreclosure and sale and other documents from the prior foreclosure action" establishing "that it had a defense founded upon documentary evidence, namely, that Carbone took the property subject to a valid judgment of foreclosure and sale." 145 A.D.3d at 849. The appellate court found this evidence established "the instant action [wa]s an improper collateral attack upon the judgment." *Id.* As such, the court concluded that "the Bank conclusively disposed of the plaintiff's causes of action as a matter of law." *Id.* at 850. As in *Carbone*, Defendant here submitted documentation of a valid state court judgment of foreclosure and sale. ECF No. 24-1. The Court here cannot entertain the Plaintiff's collateral attack.

Plaintiff contends this judgment "may be considered void" as to him because he was not party to the 2008 Foreclosure Action, despite Defendant's efforts to join him.[7] ECF No. 26 at 2

---

[6] Defendant's letter raising the state court judgment, as well as its numerous references to the 2008 Foreclosure Action's preclusive effect on the Court's ability to quiet title, are sufficient for this Court to consider the issue of collateral attack. *See* ECF Nos. 24, 25, 13, 14, 23; *see also Spinnell v. Doris L. Sassower, P.C.*, 155 Misc. 2d 147, 153 (N.Y. Civ. Ct. 1992) ("It is immaterial here that defendant did not specifically move to dismiss on the direct estoppel; she did not thereby waive its protection. CPLR 3211(a)(5) uses 'collateral estoppel' and 'res judicata' generically to mean all varieties of issue preclusion and claim preclusion. CPLR 3211(e) provides that such an objection is waived unless 'raised either by . . . motion or in the responsive pleading'; it does not require that it be separately enumerated. It was sufficient that defendant raised the issue by citing Judge Arber's decision in support of her motion under CPLR 3211(a)(8), thereby giving plaintiff adequate notice.").

[7] Based on the documents submitted by Plaintiff, Defendant's first request to add Plaintiff to the 2008 Foreclosure Action was denied because the 2018 action was ongoing and the 2008 action had not yet been revived. ECF No. 15-8. Defendant's second request to join Plaintiff was denied because Defendant sought to substitute Herman Chavez for Plaintiff, but the court noted Chavez did not transfer his interest to Plaintiff and therefore the two were not interchangeable. ECF No. 15-7.

(quoting *Jamison v. Aquai*, 128 A.D.3d 775, 776, (N.Y. App. Div. 2015)).  Nothing in the record

suggests Plaintiff moved to intervene in the 2008 Foreclosure Action.  *See Citimortgage, Inc. v.*

*Dulgeroff*, 138 A.D.3d 419, 419–20 (N.Y. App. Div. 2016) ("[F]ailure to intervene earlier, while

on notice that its rights were at stake, undermines any claim of injustice.").  Indeed, in granting

Defendant's motion for an order of foreclosure and sale, the New York State Supreme Court

denied a cross-motion brought by Plaintiff, a non-party in that action, whom the court noted "has

failed to intervene herein, and previously opposed [U.S. Bank National Association's]

application to have cross movant joined to this action." Judgment of Foreclosure and Sale at 18,

21.  In the cross-motion which the state court refused to consider given Plaintiff's failure to

intervene, Plaintiff stated he was an "indispensable party" to that action.  NY St Cts Elec Filing

[NYSCEF] Doc No. 108, Cross-Motion at 2, in *U.S. Bank Nat'l Ass'n. v. Herman Chavez, et al.*,

Sup. Ct, Queens County, index No. 710192/202.[8]  Moreover, Defendant named Regent's Park

Gardens Condominium as a party in the 2008 Foreclosure Action.  *See* ECF Nos. 13-3; 24-1.  As

evident in Plaintiff's own referee's deed, Plaintiff was the highest bidder in a foreclosure sale

held pursuant to a judgment foreclosing a lien for common charges held by *that same*

*condominium.*  Plocht Referee Deed at 3.

      Successors in interest are generally deemed to be in privity for the purposes of collateral

attacks. *Buechel v. Bain*, 97 N.Y.2d 295, 304 (N.Y. 2001) ("In the context of collateral estoppel

---

[8] The Court takes judicial notice of the existence of this cross-motion and statement, but does not cite it
for the truth of the matter asserted.  Fed. R. Evid. 201 (providing that a court can take judicial notice of "a
fact that is not reasonably in dispute because it . . . can be accurately and readily determined from the
sources whose accuracy cannot reasonably be questioned"); *see also Glob. Network Commc'ns, Inc. v.*
*City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed
in another court not for the truth of the matters asserted in the other litigation, but rather to establish the
fact of such litigation and related filings."(quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger*
*U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

. . . privity is an amorphous concept not easy of application . . . and includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and [those who are] coparties to a prior action."(internal citations and quotation marks omitted)); *see also Ciraldo,* 140 A.D.3d at 913 ("The issues raised by the plaintiff in this action were or could have been litigated in the foreclosure action, and she is therefore precluded from relitigating them in an action pursuant to RPAPL article 15. JP Morgan was in privity with Washington Mutual as its successor in interest."); RPAPL § 1305 (defining successor in interest). As a successor in interest to the condominium board, Plaintiff had an opportunity to litigate this issue in the 2008 Foreclosure Action. Therefore, the doctrine of collateral estoppel applies.

## II.  *Re-Foreclosure*

Even if the judgment were invalid as to Plaintiff, Defendant's enduring right to re-foreclose precludes a determination quieting title. Pursuant to RPAPL § 1503, an avenue remains for Defendant to initiate a re-foreclosure action. The public records submitted by Defendant demonstrate Defendant acquired the Property on August 18, 2023 at a foreclosure sale by way of referee's deed. ECF No. 25-1; *see also* ECF No. 24-1. If the judgment, for whatever reason, is "void or voidable" as to Plaintiff, Defendant has a right pursuant to RPAPL § 1503 to "maintain an action . . . to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage."

*Targee Street Internal Medical Group, P.C. v. Deutsche Bank National Trust Co.,* 92 A.D.3d 768 (N.Y. App. Div. 2012), is illustrative of this point. In that case, plaintiff Targee Street Internal Medicine Group ("Targee") initiated a foreclosure action against mortgagors of a

property in Queens, New York in 1991. *Id.* at 768. After a series of delays, judgment was finally rendered in Targee's favor in 2009. *Id.* Meanwhile, in 2003, the mortgagors purported to convey the property to a third party who executed another mortgage, which was eventually acquired by Deutsche Bank. *Id.* In 2009, Targee moved to re-foreclose on Deutsche Bank pursuant to RPAPL § 1503. Defendant Deutsche Bank argued plaintiff Targee could not foreclose against Deutsche Bank where the mortgage held by the bank "had come into existence after Targee commenced its original foreclosure action and after the statute of limitations on the foreclosure of Targee's mortgage had run." *Id.* at 769. The court disagreed, holding Plaintiff's right to "re-foreclose against Deutsche Bank's admittedly junior lien was 'absolute.'" *Id.*

Defendant like the plaintiff in *Targee*, is a "purchaser" within the meaning of RPAPL § 1503 who has a right to "to extinguish any junior claims that had not been extinguished by the [foreclosure] judgment. *Id.* This right exists regardless of whether the statute of limitations precludes a foreclosure action under RPAPL § 1501(1).[9] Like Deutsche Bank, Plaintiff Adam Plocht has a junior interest in the Property.[10] Thus, to the extent the state court judgment of foreclosure and sale does not affect Plaintiff's interest in the property, Defendant retains the ability to initiate a foreclosure proceeding against Plaintiff. This ability renders an action under RPAPL § 1501(4) improper. As such, the Court declines Plaintiff's invitation to quiet title to the Property pursuant to RPAPL § 1501(4).[11]

---

[9] The Court makes no finding as to whether Defendant is barred by the six-year statute of limitations under N.Y.C.P.L.R. § 213(4) to bring an action under RPAPL § 1501, as such a finding is not necessary for a determination that Defendant retains a valid interest in the Property and quieting title would be improper.
[10] *See* RPAPL § 339-z (providing that a first mortgage of record has priority over a condominium lien for common charges).
[11] In response to Defendant's submissions regarding the resolution of the 2008 Foreclosure Action, Plaintiff writes: "[T]he enforcement of the judgment and the issuance of a 'deed' . . . have no bearing on Plaintiff's fee interest, or on the instant action." ECF No. 26 at 2. As discussed above, on the record

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED and

Defendant's cross-motion for summary judgment is GRANTED.  The Court DISMISSES

Defendant's motion to dismiss at ECF No. 13 as moot.  The Clerk of Court is respectfully

directed to enter Judgment against Plaintiff and close the case.

SO ORDERED.

## **s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2024
       Brooklyn, New York

---

before the Court, it appears the state court judgment is valid as to Plaintiff.  However, the question of whether the judgment and issuance of the deed have any bearing on Plaintiff's interest in the Property is not before this Court.  Rather, the only question before the Court is whether Plaintiff can extinguish Defendant's interest in the property pursuant to RPAPL § 1501.

14

## [SPA-15]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ADAM PLOCHT,

                     Plaintiff,                          JUDGMENT
                                                          21-CV-06078 (WFK)

                    -against-

U.S. BANK NATIONAL ASSOCIATION,

                     Defendant.
------------------------------------------------------------ X

        An Opinion and Order of Honorable William F. Kuntz, II, United States District Judge,

having been filed on April 23, 2024, denying Plaintiff's motion for summary judgment; granting

Defendant's cross-motion for summary judgment; dismissing Defendant's motion to dismiss at

ECF No. 13 as moot; it is

        ORDERED and ADJUDGED that Plaintiff's motion for summary judgment is denied;

that Defendant's cross-motion for summary judgment is granted; and that Defendant's motion to

dismiss at ECF No. 13 is denied as moot.

Dated: Brooklyn, NY                          Brenna B. Mahoney
       April 24, 2024                       Clerk of Court

                                         By: */s/Jalitza Poveda*
                                            Deputy Clerk